ZEUST *v.* STAFFAN.

STAFFAN *v.* ZEUST.

APPELLATE PRACTICE; COST OF PRINTING RECORD.

Where both parties to a decree appeal therefrom, it is the duty of the principal appellant, or the one first docketing his appeal in this court, to pay for the printing of the transcript of the record, or so much thereof as he may deem necessary to be printed.

Nos. 825 and 827. Submitted October 18, 1898. Decided November 2, 1898.

MOTIONS by the appellees in two appeals from the same decree to dismiss the appeals. *Overruled.*

*Mr. Franklin H. Mackey* and *Mr. Walter C. Clephane* for the appellee Staffan.

*Mr. Calderon Carlisle* and *Mr. William G. Johnson* for the appellee Zeust.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

These are two appeals brought into this court taken from the same decree, and whether they be strictly cross-appeals or independent appeals it is not material to decide.

The principal of these appeals was entered in the court below by Anna Zeust, and she had the transcript of the record made by the clerk of the court, and she produced and had the transcript filed in this court, and her appeal docketed here, on July 1, 1898, and the case stands No. 825 on the docket of this court. Her appeal, therefore, was the principal appeal from the decree. George Staffan, the appellee in appeal No. 825, also appealed from the decree of the court below, and he had his appeal docketed in this court on July 8, 1898, and that appeal stands No. 827 on the docket.

Neither party appellant has had the transcript of the record printed as required by the rules of this court. The appellant Zeust, in No. 825, insists that the appellant Staffan, in No. 827, shall pay one-half the cost of the printing of the transcript, according to the estimate of the cost made by the clerk of this court, and furnished to counsel of the respective parties; and because of the failure or refusal of appellant Staffan, in No. 827, to pay the one-half of the cost of printing the transcript, Mrs. Zeust, appellant in No. 825, and appellee in No. 827, has moved to have the appeal of Staffan dismissed. And, on the other hand, Staffan, in No. 825, has moved to dismiss that appeal, because the rule of this court has not been complied with in having the transcript printed, preparatory for argument within the time prescribed by the rules.

It is very clear the rules of this court do not contemplate the making up and transmitting to this court of more than a single transcript of the record, though there may be more than a single appeal taken from the same decree or judgment, and the printing of the transcript is done as for one appeal. Even if the rules of this court were silent upon the subject, the established and reasonable practice would require it to be so, by applying, by way of analogy, the provision contained in Section 1013 of the Revised Statutes of the United States. By that section of the statute it is provided

" that where an appeal is duly taken by both parties from the judgment or decree of a circuit or district court to the Supreme Court, a transcript of the record filed in the Supreme Court by either appellant may be used on both appeals, and both shall be heard thereon in the same manner as if records had been filed by the appellants in both cases."

With respect to the printing of the transcript the rule of this court is explicit. By Section 1 of Rule 6 of this court, it is provided that in all cases to be heard by this court the appellant shall cause to be printed such parts of the record or papers constituting the same, *as may be material to the full presentation of the points or questions for review,* and the cost of such printing shall be taxed as cost in the case against the losing party, or as may be specially directed by the court, in its judgment. And by the fifth section of the same rule, it is provided that, in order to avoid the printing of unnecessary matter in preparing the case for argument, the appellant may, after notice to the opposite party, as the rule provides, select and direct what particular parts of the record shall be printed, as being the only parts necessary or essential for the consideration of the court in determining the questions involved in his appeal. If the appellee or cross-appellant desires other portions of the record printed, as being material to his contentions, he has the right, under the rule, to direct the printing of such other parts as he may deem necessary, and the court will determine in the final disposition of the case or cases, whether the parts so printed are material and necessary or not, and direct the cost accordingly. This matter of apportioning the cost of printing the transcript can not be done justly and equitably in advance of the hearing of the case. It might not be fair or just, as a general rule of practice, that because an appellee may think proper to enter a cross-appeal, or even an independent appeal, from the judgment or decree from which the first or original appeal was entered, that he should be

required, as a condition upon which his appeal can be enter-
tained, to pay half the cost of printing the record.   It may
be, and doubtless in many instances is the case, that no cross-
or second appeal would be entered but for the first appeal
—the first appeal making it necessary or proper that the
second or cross-appeal should be taken; and in other cases
it may be, that a very inconsiderable portion of the record
is all that is required for the purposes of the second or cross-
appeal.    It is true, if the appellant in the first or principal
appeal should dismiss or abandon his appeal, then, in that
event, if the appellant in the second appeal desires to prose-
cute his appeal independently he would be required to have
the record printed, in order to have his appeal heard.   He
would, under such circumstances, occupy the position of a
first or principal appellant.

Inasmuch as there appears to have been some misunder-
standing as to the proper practice to be observed in such
cases, and as to the requirements of the rules of the court,
we shall overrule both motions to dismiss.   We shall, how-
ever, require the transcript to be printed within fifteen days
from this date, or otherwise the first or principal appeal
will be dismissed; and it is so ordered.

The clerk will call the attention of counsel of the respect-
ive parties to this disposition of the motions to dismiss the
appeals.